IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

In Re:

    Keare Edgar                           *         Case #: 23-18099
                                                                Chapter 7
                                                                *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Keare Edgar                                        *
      Plaintiff
                                                 *

                         v.                           *        Adversary #:
U.S. Department of Education,     *
P.O. Box 5609
Greenville, TX 75403

      Defendants                         *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOANS**

      Now comes Keare Edgar ("Debtor"), and prays this Court issue an Order discharging the student loans held by the defendants under 11 U.S.C. §523(a)(8) and for cause states:

### PARTIES

    1.    That this case was commenced as a Voluntary Proceeding under Chapter 7 of the United States Bankruptcy Code by the filing of a petition on November 8, 2023. Plaintiff is the Debtor herein, Craig Levers was appointed Trustee and is serving in that capacity pursuant to his blanket bond.

    2.    The Defendant, U.S. Department of Education is an educational lender or guarantor of educational loans doing business in the State of Maryland and is a creditor in this proceeding.

### JURISDICTION

    3.    This is an action to determine the dischargeability of an educational loan

and the court has jurisdiction pursuant to 28 U.S.C. §1334, 28 U.S.C. §157, and 11 U.S.C. §§ 523(a)(8). The Action is a Core Proceeding pursuant to 28 U.S.C. §157(b)(2)(I).

 4. This Action is an Adversary Proceeding as set forth in Bankruptcy Rule 7001. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

## FACTS

 5. The Defendant's lent money to the debtor and/or guaranteed loans for the debtor for educational purposes which were used for that purpose. The approximate amount owed is as follows:

   U.S. Department of Education…………..……$40,626.00

 6. That the debtor has been underemployed for years and is a single parent raising three sons on her own and working two jobs to sustain herself.

## COUNT I

 7. That the Defendant is an educational creditor of the Debtor and the loans were used for educational purposes.

 8. That by excepting the debts owed to the Defendants from discharge would cause an undue hardship on the debtor.

 9. That the debtor's current employment (consisting of two jobs) cannot fully support herself and her family, nor is there any hope that the debtor's situation will substantially improve in the future. The Debtor's present and anticipated future income is barely sufficient to cover her living expenses, without taking into account the debt service on the Student Loans.

 10. That the debtor cannot maintain a minimal standard of living if forced to repay the student loans and this will continue throughout the student loan repayment period.

 11. That the debtor has made good faith efforts to repay the loan to the defendant

but does not have the adequate resources to make payments.

    12. The Debtor's present and anticipated future income is barely sufficient to cover her living expenses, without taking into account the debt service on the Student Loans.

    **WHEREFORE,** the Debtor prays this Court:

(a)     Issue an Order Discharging the Student Loans pursuant to 11 U.S.C. §523(a)(8).

(b)     And for Such Other and Further Relief as Justice and the Nature of This Cause May Require.

/s/ Frank E. Turney  
Frank E. Turney  
Law Offices of Frank E. Turney, P.A.  
920 Frederick Road  
Catonsville, MD 21228  
410-788-8830